BRUNOT, J.
 

 William Lovely, the husband of Betsy Lovely, died in the latter part of 1912 in St. Martin parish, leaving five children, the issue of his marriage with Betsy Lovely, and a succession consisting of his community interest in two small tracts of land which are described in the petition as
 
 *595
 
 containing,1'in the aggregate, 155 superficial arpents, and which was valued in the inventory- at $2,000. The deceased left a will,, which is not in the record before us, but it appears that he constituted his wife the executrix of his will. She qualified as executrix, and obtained an order of court to sell 40 acres of the lands belonging to the community to pay community debts, and, not realizing sufficient money from the sale of this property to liquidate the debts of the community, she gave her personal note to a creditor,of the community for the difference. She subsequently mortgaged her community interest in the property for $550 to pay the personal note she had given to one of the creditors of the community. In 1918 she sold all of her right, title, and interest in the community property to Frederick Provost; the consideration of this sale being the assumption by the purchaser of the said mortgage and note for $550. The petition alleges that the plaintiff is an aged, ignorant woman, and that she was induced to sign the deed conveying her interest in the community property by fraudulent misrepresentations on the part of Frederick Provost, and she seeks, in this suit, to obtain a judgment annulling that deed. The lower court, in an exhaustive review" of the evidence, found that the preponderance ■ of the evidence was strongly in favor of the good faith of Frederick Provost and of the bona fides of the transfer of plaintiff’s interest in the community property to him, and therefore rendered a judgment dismissing plaintiff’s suit. From this judgment plaintiff appealed. After the transcript of appeal had been lodged in this court, the plaintiff - died. When the case was reached for argument here, defendant moved- to dismiss the appeal upon two grounds, viz. that the appellant had died, and her heirs had not been made parties ■ to the appeal; and that, after rendition of the judgment in the trial court, three of the heirs, Rosa Lovely, Angelina Lovely, and Elizabeth Lovely, had sold and transferred to James Simon all of their right, title, and interest in and to the succession of their deceased father, and had recognized, in said deed, the defendant’s title to their deceased mother’s half interest in the community. A motion to make the heirs parties was then filed, and the heirs cited accordingly, and they were required to comply with the court’s order on or before March 7, 1927, under pain of dismissal of the appeal. In response to the court’s order, counsel for the heirs of Betsy Henry Lovely, deceased, declined to make a return for Rosa Lovely, Angelina Lovely, and Elizabeth Lovely, for the reason that these heirs- had sold their interest in the succession to Frederick Provost, but they did make a return for Rosette Lovely and Elizabeth and Mary Gabrielle, the sole issue of Angelina Lovely. These heirs adopt the allegations of the plaintiff’s petition, and join in the prayer thereof.
 

 From the foregoing, it is apparent that this court cannot, without assuming original jurisdiction as to the facts presented in defendant’s motion to dismiss the appeal and in the return of Rosette Lovely and the two Gabrielles, made in response to the order of this court, dispose of appellee’s motion to dismiss.
 

 Inasmuch as we have no original jurisdiction as to the facts, we have no alternative, and must remand the case to the district court in order that these facts might be properly presented to us. For these reasons, and for the purpose mentioned, the case is remanded to the trial court; the costs hereof to await the final judgment in the case.